## WELSH v. ERIE R. CO.

### Nos. 5465, 5466.

Circuit Court of Appeals, Sixth Circuit.
April 11, 1930.

C. J. Wall, of Youngstown, Ohio (John Ruffalo, of Youngstown, Ohio, on the brief), for appellant.

B. D. Holt, of Cleveland, Ohio (Cook, McGowan, Foote, Bushnell & Burgess, of Cleveland, Ohio, on the brief), for appellee.

Before DENISON and HICKS, Circuit Judges, and COCHRAN, District Judge.

HICKS, Circuit Judge.

On January 7, 1927, Welsh, deceased, was working as a helper to one Lyter, a blacksmith in the shops of appellee. These men had taken a steel bar 87¼ inches long, 6 inches wide, 1 inch thick, and weighing about 130 pounds, and, after heating one end thereof in a furnace, had placed it flat upon a bumping block, and had shoved it through the jaws or dies of an upsetting machine and about an inch and a quarter beyond, leaving about 4 feet of the bar upon the block on the side of the machine nearest the men. To operate the machine Lyter stepped upon a treadle, and thereupon the jaws (one moveable and one immovable) clamped the bar while a plunger struck and bent upward the extended end to form a gib. The jaws then automatically released the bar. This normally completed the operation, and the bar was ready for removal. To remove it from the machine Lyter and Welsh shoved the cold end thereof from 3 to 6 inches laterally toward the moveable jaw, but had not entirely removed it when the machine, on account of some mechanical defect, suddenly repeated. The moveable jaw struck the bar, caused it to straighten, and it in turn struck Welsh in the

abdomen with force sufficient to throw him backward, against the furnace. His back came in contact with the furnace. He exclaimed, "My God, I thought I was killed." He did not cease working. However, when he went home that night he walked as if lame, and for three successive nights he crawled from his chair to his bed. There were red marks upon his back as if he had been hit by something. He continued to work until September 6th. He then quit, and complained of his back and of lameness in his hips. He became unable to walk, and called an unlicensed chiropractor who found a slight posterior displacement of one of the vertebræ to the left. The chiropractor, after having partially readjusted the vertebra, gave him treatments and noticed an improvement. The pain ceased, the muscles were less rigid, and Welsh was able to walk. However, on September 27 he was taken to a hospital, remained there one week, went to his daughter's, and remained there practically helpless under the care of this daughter and a physician until his death on December 28th following. On November 18th he sued for damages on account of his alleged injury. This suit (case No. 5465) was revived in the name of Mary Welsh, administratrix. The administratrix also brought suit (case No. 5466) for damages for the pecuniary loss sustained by reason of Welsh's death. The cases were tried together. The court properly assumed, and appellee now practically admits, that there was substantial evidence tending to show that appellee was negligent in furnishing Lyter and Welsh a defective machine, but the court directed a verdict in both cases upon the ground that there was no substantial evidence indicating any causal relation between the occurrence on January 7, 1927, and the injuries sued for in case No. 5465 or the death of Welsh for which damages are claimed in suit No. 5466. Appellant challenges the correctness of these directed verdicts.

■ As to case No. 5465, we think there was error. The measure of damages was physical pain and mental anguish. It was peculiarly for the jury to determine whether any such suffering was caused upon a consideration of the evidence tending to show the violence of the blow and the subsequent lameness and disability of Welsh for at least three nights. In other words, we think there was something more than a mere scintilla of evidence which, if believed by the jury, might sustain a verdict for damages in some amount. In view of the loss of plaintiff's testimony by his death, we cannot say that there was no good-faith expectation of recovering the minimum jurisdictional amount.

■ As to case No. 5466, the evidence presents a different aspect. The deceased worked steadily at his job from January 7th, the date of his alleged injury, for eight months. Barring the first three nights after he was struck, there is no further substantial evidence of his serious disability until he ceased work in September. The chiropractor then found only a slight subluxation of one of the vertebræ. After its partial readjustment, improvement followed. Neither the attending physician nor any hospital attendant was called to testify. They doubtless could have given satisfactory evidence touching deceased's physical condition and the cause of it. The burden of proof was upon plaintiff, and we conclude that the evidence is too meager to support a finding that death was caused by the blow received nearly a year before.

As to both cases the applicable principles are fully stated in Hardy-Burlingham Min. Co. v. Baker, 10 F.(2d) 277 (C. C. A. 6), and Davlin v. Henry Ford & Son, Inc., 20 F.(2d) 317 (C. C. A. 6).

Case No. 5465 is reversed and case No. 5466 is affirmed.